IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 24, 2017 Session

## DEBORAH LACY v. HALLMARK VOLKSWAGEN INC. OF RIVERGATE, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 15C-1163     Thomas W. Brothers, Judge**

_____

### No. M2016-02366-COA-R3-CV

_____

A customer at a car dealership filed suit against the sales manager and others for injuries she allegedly sustained due to an assault and battery by the sales manager.  The trial court granted summary judgment to Defendants because Plaintiff failed to submit any affidavits setting forth specific facts that showed a genuine issue existed for trial, as required by Tennessee Rule of Civil Procedure 56.  Plaintiff argues that the trial court erred in granting summary judgment to Defendants.  Perceiving no reversible error, we affirm the trial court's order granting summary judgment to Defendants.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Deborah Lacy, Madison, Tennessee, Pro Se.

W. Bryan Brooks and Lisa Marie Woods, Nashville, Tennessee, for the appellees, Hallmark Jeep Inc., Hallmark Volkswagen Inc. at Rivergate, and Scott Masters.

**OPINION**

I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2014, Deborah Lacy ("Ms. Lacy") entered Hallmark Volkswagen Inc. at Rivergate ("Hallmark Volkswagen"), a Hallmark Jeep, Inc. dealership, in order to purchase a new vehicle.  Cian Rourke ("Mr. Rourke"), a salesman at Hallmark Volkswagen, assisted Ms. Lacy with the purchase of a 2014 Volkswagen Passat. Following a twenty-minute test drive, Ms. Lacy and Mr. Rourke entered his office and completed paperwork pertaining to the sale of the vehicle.  Scott Masters ("Mr.

Masters"), a sales manager at Hallmark Volkswagen, joined Ms. Lacy and Mr. Rourke to assist in finalizing the sale.

Nearly one year later, on March 26, 2015, Ms. Lacy filed a complaint in the First Circuit Court for Davidson County against Hallmark Volkswagen, Hallmark Jeep, Inc., James Cameron III,[1] and Mr. Masters (collectively "the Defendants"), claiming that Mr. Masters assaulted and battered her at the completion of the sale. Ms. Lacy further alleged that Mr. Masters violated her human and civil rights, "while placing her under fear, duress, and Physical [anguish] . . . ." Because Ms. Lacy had another case pending in the Sixth Circuit Court, this case was transferred to that court. Following discovery, the Defendants filed a motion for summary judgment on all of Ms. Lacy's claims, supported by a statement of undisputed facts and the affidavits of Mr. Masters and Mr. Rourke. The trial court granted summary judgment to the Defendants on all of Ms. Lacy's claims. Ms. Lacy appeals.

Ms. Lacy's appellate brief fails to present a clear issue for our review. Despite this deficiency, however, we discern that Ms. Lacy raises the following issues: (1) whether the trial court erred in granting summary judgment to the Defendants, (2) whether the trial court abused its discretion when it transferred the case to the Sixth Circuit, and (3) whether the trial court erred in denying Ms. Lacy's statement of evidence. As a preliminary matter, we address the issue raised by the Defendants: whether the appellate brief submitted by Ms. Lacy complies with the applicable rules of appellate procedure.

II. ANALYSIS

A. Appellate Brief Requirements

We begin by noting that Ms. Lacy is a pro se litigant. This Court has stated the following principles about pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

---

[1] This appeal was dismissed as to Mr. Cameron upon his unopposed motion.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct App. 2003). Additionally, we allow pro se litigants some latitude in preparing their briefs by applying less exacting standards than those applied to briefs drafted by lawyers. *Young*, 130 S.W.3d at 63.

In addition to arguing that the trial court properly granted summary judgment, the Defendants assert that we should affirm the trial court's grant of summary judgment because Ms. Lacy's appellate brief fails to comply with the requirements of Rule 27 of the Tennessee Rules of Appellate Procedure or Rule 6 of the Rules of the Court of Appeals. Tennessee Rule of Appellate Procedure 27 governs the content of appellate briefs. Subsection (a) of that rule identifies the requirements for the appellant's brief and provides, in pertinent part, as follows:

> The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> . . . .
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> >
> > (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Likewise, Rule 6 of the Rules of the Court of Appeals provides, in pertinent part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

We agree that the brief Ms. Lacy submitted fails to comply sufficiently with the foregoing rules. Although Ms. Lacy's brief contains several deficiencies, we need not recite each one. Most importantly, however, Ms. Lacy's brief fails to make appropriate references to the record and to cite to relevant authority in support of her arguments.[2] Generally, when a party fails to refer properly to the record or to cite to relevant authority, we consider that issue waived. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). This Court stated in *Newcomb v. Kohler Company*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006), that "[a] skeletal argument that is really nothing more than an assertion will not properly preserve a claim[.]" We have no duty "to verify unsupported

---

[2] In reviewing the "Argument" section of Ms. Lacy's brief, we find that she refers to Tenn. Code Ann. §§ 39-13-101—03. These statutes pertain to the criminal offenses of assault, aggravated assault, and reckless endangerment.

- 4 -

allegations in a party's brief or to research and construct the party's argument." *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009).

Despite the deficiencies in Ms. Lacy's brief, Rule 2 of the Tennessee Rules of Appellate Procedure permits this Court to waive these briefing requirements if good cause exists.[3] *Chiozza*, 315 S.W.3d at 489. We hereby exercise our discretion under Rule 2 and consider the substance of Ms. Lacy's appeal because public policy prefers that courts resolve cases on their merits rather than dismiss them due to procedural deficiencies. *See Norton v. Everhart*, 895 S.W.2d 317, 322 (Tenn. 1995).

B. Motion for Summary Judgment

An appellate court reviews a trial court's decision on a motion for summary judgment de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must either submit evidence that affirmatively "negates an essential element of the nonmoving party's claim" or demonstrate "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101. Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Rye*, 477 S.W.3d at 265 (quoting TENN. R. CIV. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, or responses to interrogatories that "set forth specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." TENN. R. CIV. P. 56.06.

Following discovery in this case, the Defendants moved for summary judgment asserting there was no genuine issue of material fact with respect to Ms. Lacy's allegations of assault and battery.[4] In support of their motion, the Defendants submitted

---

[3] Rule 2 of the Tennessee Rules of Appellate Procedure provides, in pertinent part:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion . . . .

[4] In their motion for summary judgment, the Defendants argued that Ms. Lacy's claim that the Defendants violated her human and civil rights "when Scott Masters [a]ssaulted and beat plaintiff" was not a separate

the affidavits of Mr. Masters and Mr. Rourke as proof that affirmatively negated essential elements of Ms. Lacy's assault and battery claims. Before we consider the contents of the affidavits submitted by the Defendants, we must identify the elements of a claim for assault and those for battery.

In *Hughes v. Metropolitan Government of Nashville and Davidson County*, 340 S.W.3d 352, 371 (Tenn. 2011), the Tennessee Supreme Court stated that the intentional creation of "an apprehension of harm in the plaintiff" constituted the intentional tort of assault. Thus, for Ms. Lacy to satisfy this definition of assault, she must prove the Defendants committed an act with the intent to cause her a fear of harm.

This Court has defined the tort of battery as "an intentional act that causes an unpermitted, harmful or offensive bodily contact." *Doe v. Mama Taori's Premium Pizza, LLC*, No. M1998-00992-COA-R9-CV, 2001 WL 327906, at *4 (Tenn. Ct. App. Apr. 5, 2001) (citing *Cary v. Arrowsmith*, 777 S.W.2d 8, 21 (Tenn. Ct. App. 1989); RESTATEMENT (SECOND) OF TORTS § 18(1) (1965); 7 Stuart M. Speiser, et al., THE AMERICAN LAW OF TORTS § 26:12 (1990)). Therefore, Ms. Lacy must show that the Defendants intentionally committed an act that resulted in a harmful or offensive contact. Contact constitutes "offensive contact" if it "infringes on a reasonable sense of personal dignity ordinarily respected in a civilized society." *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 19 (1965); 1 Fowler W. Harper, et al., THE LAW OF TORTS § 3.2 (3d ed. 1996); 1 Dan B. Dobbs, THE LAW OF TORTS § 28, at 52-53 (2001)).

In her complaint, Ms. Lacy alleged that the Defendants "were out of order and violated the Human and Civil Rights of Plaintiff Lacy, while placing her under fear, duress and Physical [anguish] when Scott Masters Assaulted and beat plaintiff . . . ." Mr. Masters states in his affidavit that when he extended his hand to Ms. Lacy at the completion of the sales transaction, she extended her hand to him and he shook her hand in a "friendly and gentle manner." According to Mr. Masters's affidavit, the only other physical contact he made with Ms. Lacy occurred when he lightly placed his non-shaking hand on top of her shaking hand. In regard to the assault claim, Mr. Masters states in his affidavit that he never threatened or said anything harmful, offensive, or racist to Ms. Lacy. Mr. Rourke states in his affidavit that he witnessed the interaction between Mr. Masters and Ms. Lacy, and he corroborates the statements made by Mr. Masters in his affidavit.

The evidence submitted by the Defendants negates essential elements of Ms. Lacy's assault and battery claims. Specifically, the affidavits negate the intent element of

claim. The Defendants asserted that this was merely a restatement of her assault and battery claims. It appears that the trial court agreed because it granted summary judgment to the Defendants on all of Ms. Lacy's claims.

the assault claim and the harmful or offensive contact element of the battery claim.[5] Because the Defendants submitted evidence negating essential elements of Ms. Lacy's claims, the burden shifted to her to "set forth specific facts" demonstrating that a genuine issue existed for trial. TENN. R. CIV. P. 56.06.

Ms. Lacy filed a response to the Defendants' statement of undisputed facts but failed to cite to the record to support each disputed fact, as is required by Rule 56. *See* TENN. R. CIV. P. 56.03. She also filed a response to the affidavits of Mr. Masters and Mr. Rourke. Ms. Lacy, however, failed to produce any affidavits, depositions, or responses to interrogatories setting forth specific facts that showed a genuine issue existed for trial. Therefore, her response failed to comply with the requirements of Rule 56 and the facts supporting the Defendants' motion for summary judgment remained undisputed. Accordingly, we conclude that the trial court did not err in granting summary judgment to the Defendants.

C. Transfer to the Sixth Circuit

Ms. Lacy contends that the trial court erred in transferring the case from the First Circuit to the Sixth Circuit for Davidson County. She further contends that the transfer to the Sixth Circuit prejudiced her because she could not "receive a fair trial with that court" because it favored the Defendants. Generally, in civil cases, a trial court's transfer of a case is considered a discretionary decision. *Claborn v. Claborn*, No. E2014-01683-COA-R3-CV, 2015 WL 5692547, at *4 (Tenn. Ct. App. Sept. 29, 2015); *see also* Tenn.

---

[5] Defendants argue that the affidavits also negate essential elements of both assault and battery as found in the Tennessee Civil Pattern Jury Instructions ("T.P.I."). The T.P.I. defines assault as follows:

> An assault consists of two elements:
>
> 1. An intentional attempt or the unmistakable appearance of an intentional attempt to do harm to, or to frighten, another person; and
>
> 2. The present ability or the unmistakable appearance of the present ability to do that harm or to cause that fright.

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civ. 8.01 (2014 ed.). In regard to battery, the T.P.I. provides:

> A battery is any intentional, unlawful, and harmful [*or offensive*] physical contact by one person with another person.
>
> The intent required for a battery is not an intent to cause harm. It is an intent to do the act that causes the harm.

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civ. 8.02 (2014 ed.).

Code Ann. § 16-2-107.[6] We will uphold a trial court's discretionary decision absent an abuse of discretion. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). An abuse of discretion only occurs when a trial court "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Id.* (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

According to the order transferring the case, the trial court exercised its discretion to transfer the case to the Sixth Circuit "in the interest of judicial economy" because Ms. Lacy had another case pending in the Sixth Circuit.[7] At the hearing on the motion for summary judgment, the trial court explained to Ms. Lacy that her cases were "consolidated in the Sixth Circuit Court because all of your cases carry basically, the same allegation. . . . You enter into a location, and without explanation and without cause, suddenly people start beating on you . . . ."

Our examination of the record reveals no evidence that the trial court's decision was unreasonable. Further, the record contains no evidence that the Sixth Circuit Court treated Ms. Lacy unfairly. The court granted summary judgment to the Defendants because Ms. Lacy failed to comply with the requirements of Rule 56, not because it favored the Defendants. Ms. Lacy's status as a pro se litigant does not excuse her from complying with the requirements of Rule 56. The trial court merely required her to observe the same substantive and procedural rules that a represented party must observe. Accordingly, we conclude that the trial court did not abuse its discretion when it transferred the case to the Sixth Circuit Court.

D. Statement of Evidence

Lastly, Ms. Lacy contends that the trial court erred when it denied her proposed statement of evidence. Tennessee Rule of Appellate Procedure 24(c) directs an appellant to submit a statement of evidence "[i]f no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available" and the statement conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Subsection (b) of Rule 24 requires a transcript be prepared "if a stenographic report or other contemporaneously recorded, substantially

---

[6] Tennessee Code Annotated section 16-2-107 provides, in pertinent part:

> In judicial districts that . . . have more than one (1) division of circuit or chancery court, if a civil cause of action is filed in the improper court or the improper division of court within the judicial district, upon the motion of either party, or upon the court's own motion, the civil cause of action may be transferred to the proper court or division within such district.

[7] Judicial economy is defined as "[e]fficiency in the operation of the courts and the judicial system; esp., the efficient management of litigation so as to minimize duplication of effort and to avoid wasting the judiciary's time and resources." BLACK'S LAW DICTIONARY (10th ed. 2014).

verbatim recital of the evidence or proceedings is available." The trial court denied Ms. Lacy's proposed statement of evidence because it found that an official audio/visual record was available that provided a more accurate account and that the Defendants' transcription of the proceedings was acceptable for purposes of appellate review. The trial court's ruling is consistent with the requirements of Rule 24(b). Accordingly, we conclude that Ms. Lacy's argument on this issue is without merit.

### III. CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, Deborah Lacy, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE